No. 02-281

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 2N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MICHAEL A. STEFFES,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and for the County of Missoula,
                      The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Michael Steffes, Black Eagle, Montana (*pro se*)

        For Respondent:

        Mike McGrath, Montana Attorney General, Carol E. Schmidt, Assistant
        Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula
County Attorney, Suzy Boylan-Moore, Deputy Missoula County Attorney,
Missoula, Montana

                Submitted on Briefs:  December 27, 2002

                         Decided:  January 9, 2003

Filed:

_____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Following a conviction in Justice Court for driving while his license was suspended or revoked, Steffes appealed to the Fourth Judicial District Court. Steffes was again found guilty in the District Court, and was sentenced to six months in the county detention facility, with all but two days suspended. The court also fined Steffes $500, with all but $250 suspended, and imposed a $15 surcharge and the costs of prosecution. Steffes appeals from this judgment. We affirm.

¶3     The sole issue presented on appeal is whether the District Court imposed a legal sentence for Steffes' conviction of driving while his license was suspended or revoked.

### FACTUAL AND PROCEDURAL BACKGROUND

¶4     On January 7, 2002, the Missoula County Justice of the Peace found Steffes guilty of driving while his license was suspended or revoked, a misdemeanor, sentenced Steffes to six months in the county jail, with all but two days suspended, and imposed a fine of $500, with all but $250 suspended. The Justice Court's sentence allowed Steffes to serve his two days

2

with the Missoula County Detention Center Work Program. Steffes appealed the Justice Court's judgment to the District Court.

¶5    Steffes was again found guilty of the offense following a District Court bench trial on March 29, 2002. The court imposed the same sentence on Steffes that was imposed by the Justice of the Peace--six months in jail, with all but two days suspended, and a $500 fine, with all but $250 suspended. The court also ordered Steffes to pay $100 for the cost of prosecution ($50 for each trial) and imposed a $15 surcharge as required by § 46-18-236, MCA. The District Court also allowed Steffes to participate in a work release program in lieu of serving the two days in jail.

¶6    On appeal, Steffes states that he "is not looking for a disappearance of the matter at hand, but [is] asking only for a mere opportunity to rectify this driving citation by being deferred over a period of time." Steffes suggests that, "[i]f the defendants (sic) driving record remains absolutely free of any citations for that period of time, this citation will be dismissed."

## STANDARD OF REVIEW

¶7    While it us unclear exactly what Steffes is appealing, our review of a criminal sentence is limited to its legality. *See*, ***State v. McLeod*, 2002 MT 348, ¶ 12, ___ Mont. ___, ¶ 12, ___ P.3d ___, ¶ 12 (this Court reviews criminal sentences for legality only, that is, whether the sentence is within the parameters provided by statute) (citation omitted). In a direct appeal, the defendant is limited to rasing those issues that were properly preserved in the district court and to allegations that the sentence is illegal or exceeds**

3

**statutory mandates.** *McLeod*, ¶ 12 (citing § 46-20-104, MCA, and *State v. Lafley,* 1998 MT 21, ¶ 26, 287 Mont. 276, ¶ 26, 954 P.2d 1112, ¶ 26). **A sentence is not illegal when it is within the parameters provided by statute.** *McLeod*, ¶ 12 (citations omitted).

## DISCUSSION

¶8     Did the District Court impose a legal sentence on Steffes following his conviction for driving while his license was suspended or revoked?

¶9     The statute Steffes was convicted under provides in relevant part,

> A person who drives a motor vehicle or commercial motor vehicle on any public highway of this state at a time when the person's privilege to do so is suspended or revoked in this state or any other state is guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not less than 2 days or more than 6 months and may be fined not more than $500.

Section 61-5-212(1), MCA. In addition, pursuant to § 46-18-232, MCA, a court may order a defendant to pay the costs of prosecution. Finally, § 46-18-236(1)(a), MCA, requires a court to impose a $15 surcharge on all persons convicted of a misdemeanor.

¶10     We conclude that Steffes' sentence was well within the parameters allowed for by Montana Code Annotated.

¶11     Finally, because it appears that Steffes' appeal was filed in an attempt to reduce or defer his sentence, we note that the statute under which Steffes was convicted specifically prohibits a court from suspending or deferring imposition of penalties. *See*, § 61-5-212(6), MCA.

¶12     Accordingly, the District Court's judgment is affirmed.

4

/S/ PATRICIA COTTER

We Concur:


/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JIM REGNIER